**IN THE WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**


**AUTO CLUB FAMILY INSURANCE COMPANY**                                    **PLAINTIFF**

**VS.**                                    **NO. _____**

**KEZIE ODUNUKWE, ANDREW ROWE, JESSICA ROWE AND**
**AARON ROWE**                                    **DEFENDANTS**


**COMPLAINT FOR DECLARATORY JUDGMENT**

Comes the Plaintiff, Mid-Century Insurance Company, and for its Complaint for Declaratory Judgment states:


<u>JURISDICTION, VENUE AND PARTIES</u>

1.  The Plaintiff is Auto Club Family Insurance Company, a corporation incorporated under the laws of the State of Missouri, and with its principal place of business located in the State of Missouri (henceforth "Auto Club Family").

2.  Defendant Kezie Odunukwe is a natural person who resides in Benton County, Arkansas.

3.  Defendants Andrew Rowe, Jessica Rowe and their son Aaron Rowe are natural persons who reside in Benton County, Arkansas.

4.  The events described in this Complaint occurred in Rogers, Benton County, Arkansas.  The underlying litigation between Kezie Odunukwe and the Rowes is pending in Benton County, Arkansas.

5.  There exists complete diversity of citizenship of all parties.

6.  The amount in controversy in this litigation, exclusive of interests and costs, exceeds $75,000.00.

7.   Federal diversity jurisdiction exists pursuant to 28 U.S. §1332.

8. That venue exists in this forum pursuant to 28 U.S. §1391.

BACKGROUND FACTS.

9.   All prior paragraphs are restated.

10.  On or about September 25, 2020, Aaron Rowe (at that time a minor, aged 17), accompanied by several other individuals, trespassed upon a house owned by Kezie Odunukwe.  This house was located at 2510 S. Dixieland, Rogers, Arkansas.

11.  The trespassers, including Aaron Rowe, vandalized the house.  *Inter alia*, the youths broke drywall, smashed windows, spray painted the walls and broke a pipe, which caused flooding.

12.   Law enforcement arrested two of the trespassers on the scene, including Aaron Rowe. Others were later arrested elsewhere.

13.   Aaron Rowe made incriminating statements to the police.

14.   Aaron Rowe's criminal file is sealed, because he was a juvenile at the time. However, upon information and belief, Rowe was prosecuted as a juvenile and either pled guilty or was adjudicated guilty of offenses in connection with the vandalism of the Odunukwe house.

15.   On or about September 20, 2023, Kezie Odunukwe filed a lawsuit in Benton County, Arkansas, seeking to recover both compensatory and punitive damages for the harm to his house.  The lawsuit named Aaron Rowe (described as "A.R"), Andrew Rowe, and Jessica Rowe as defendants.  The lawsuit also named other perpetrators of the vandalism, and their parents, as co-defendants.  The damage to the Odunukwe house is alleged to be $218,000.00.  In addition, the lawsuit seeks punitive damages of $250,000.00.  Attorney's fees, interest and costs are also sought.

16.   The Complaint filed by Kezie Odunukwe and pending before the Circuit Court of Benton County (including its attached exhibits) is attached hereto as Exhibit I.

<u>THE POLICY</u>

17.   The allegations of prior sections are restated and incorporated by reference.

18.   Auto Club Family issued a homeowners' policy to Mr. and Mrs. Andrew Rowe.  This policy was in force and effect on September 25, 2020, the date of the vandalism incident.  A certified copy of said policy is attached as Exhibit II.

19.   The policy obligates Auto Club Family to defend and indemnify its insureds for circumstances falling within the scope of its coverage.  The Rowe family has made demand for defense and indemnity under this policy in regard to the lawsuit filed against them by Kezie Odunukwe.  Auto Club Family is providing a defense to the Rowes pursuant to a reservation of rights.

20.   The policy contains the following relevant provisions at page 50:

***SECTION II - LIABILITY COVERAGES***
***COVERAGE E - PERSONAL LIABILITY***
***COVERAGE F- MEDICAL PAYMENTS TO OTHERS***

***WHAT LOSSES ARE COVERED -COVERAGE E***

*1.  **We** will pay for actual damages that any insured is legally obligated to pay due to **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies.*

*Damages do not include:*
*a.  fines;*
*b.  penalties;*
*c.  Restitution orders; or*
*d.  attorney's fees or costs; or*
*e.  **punitive damages**.*

*2.  **We** will defend any suit claiming damages for **bodily injury** or **property damage** to which*

*this coverage applies.  **We** will defend suit even if the allegations are groundless, false or fraudulent.  Defense lawyers will be provided by **us**.  **We** may pay the lawyer a flat fee to represent **you**.  If any **insured** retains a lawyer for any claim, whether or not covered under this coverage, **we** will not pay the fees or costs charged by that lawyer.  **Our** duty to defend ends when the amount **we** pay for damages, resulting from one occurrence equals **our** limit of liability, including depositing funds into the court.  **We** have no duty to defend any **insured** in any criminal action or proceeding in which the recovery of a fine, penalty or restitution is sought.*

*3.  **We** may settle any claim or suit as **we** think appropriate.*

21.  The policy further provides exceptions and exclusions from coverage at pages 51 et seq.:

*Under SECTION II we do not cover:*
*a.  **Bodily injury** or **property damage** arising out of:*
*(1) Intentional acts or omissions committed by or at the direction of any **insured** that could reasonably be expected or intended by an **insured** to result in **bodily injury** or **property damage** even if the **bodily injury** or **property** damage:*
*(a) is of a different kind, quality, or degree than expected or intended; or*
*(b) is sustained by a different person or entity than expected or intended.*

*The applies whether or not the **insured** forms the intent or has the mental capacity to form the intent to cause **bodily injury** or **property damage**.  **You** are deemed to intend the natural and probable consequences of your actions.*

*This exclusion does not apply to bodily injury resulting from the use of reasonable force by any **insured** to protect persons or property.*

*(2) Criminal acts or omissions, whether charged or not, committed by or at the direction of any **insured** that could reasonably be expected to result in **bodily injury** or **property damage** of any kind and in any degree.*

*(3)   Acts or omissions committed by or at the direction of any **insured** while under the influence of any drug.*

*This exclusion does not apply to any acts or omissions committed while under the influence of any prescription drug legally dispensed in the U.S.A. and taken under the lawful order of and in compliance with the instructions of a health care professional licensed in the U.S.A.*

*r.  Liability imposed for punitive damages.*

22. Under "ADDITIONAL PAYMENTS - SECTION II", the policy, at page 60, specifies that it will

not pay for property damage to the property of others under the following circumstances:

*We will not pay for property damage:*
*b. which is expected or intended by an insured age 13 or older or which is the result of an insured's intentional or criminal act when the insured is age 13 or older. Any insured age 13 or older is deemed to intend the natural and probable consequences of his/her actions.*

23. Moreover, the policy imposes the following duty upon the insured, at page 63:

*CONDITIONS -SECTION II*

*2. Duties After Loss.*

*a. In the event of any occurrence, we must be notified promptly and informed of the time, place and circumstances of the occurrence, including the names and addresses of persons involved, injured persons, and witnesses.*

*b. Any insured must immediately forward to us every notice, demand, summons or other process relating to the accident or occurrence.*

*c. Any insured shall cooperate with us in the investigation of any claim and shall, at our request:*
*(1) attend depositions, hearings and trials;*
*(2) assist in*
*(a) making settlements;*
*(b) securing and giving evidence;*
*(c) obtaining the attendance of witnesses; and*
*(d) the conduct of suits;*
*(3) submit to examinations under oath; and*
*(4) authorize us to obtain any documentation we reasonably require in investigating any claim.*

24. Finally, the policy defines key terms at pages 1- 7. Defined terms that are relevant to this

litigation include:

*We, us or our means the Auto Club Family Insurance Company.*

*You or your means any insured named in the declarations. If there is only one insured named in the declarations and that insured is a natural person, you or your includes that person's spouse if that spouse lives in the same household on a regular, continuous and permanent basis.*

*Insured* - means you and people who live in the residence premises on a regular, continuous and permanent basis who are:
1. **Your** relatives by blood, marriage or adoption;
2. Any other person under the age of 21 who is in the care of **you** or any person included under 1, above.

*Occurrence* - means an accident, including continuous or repeated injurious exposure to essentially the same conditions which, during the policy period, results in **bodily injury** or **property damage**. *Occurrence* does not include any claim arising out of a breach of a contractual obligation, express or implied warranty or any negligent or intentional misrepresentation relating to a contract or express or implied warranty. Continuous or repeated injurious exposure to the same or similar circumstances is considered to be one occurrence.

*Property damage* - means physical injury to or destruction of tangible property including all resulting loss of use of that property. Property damage does not include any amounts sought for pecuniary or economic losses.

*Punitive damage* - means amounts of money awarded or imposed to punish, deter or make an example of a wrongdoer, and includes, but is not limited to, exemplary damages and /or aggravated/aggravating circumstances damages, whether imposed pursuant to common law, statutes, ordinances or regulation.

## THE DECLARATORY JUDGMENT.

25.   All prior allegations are restated and incorporated by reference.

26.   The policy issued to the Rowe family excludes coverage for "punitive damages", and this term is defined in the policy. The Complaint filed by Kezie Odunkuwe seeks to recover punitive damages.  Any award of, or recovery of, punitive damages by Kezie Odunukwe is barred from coverage by the policy.

27.   The policy only covers events that constitute an "occurrence". The term "occurrence" is defined as an accident. The circumstances involving Aaron Rowe's vandalism of Kezie Odunukwe's home do not constitute an accident. Therefore, these circumstances are not covered by the policy.

28.   The policy excludes coverage for property damage arising out of the intentional acts of any

insured.  The actions of Aaron Rowe were intentional in nature, and caused property damage to Kezie Odunukwe.  Such acts by Aaron Rowe are excluded from coverage.

29.   The policy bars coverage for criminal acts.  The actions of Aaron Rowe were criminal under the laws of the State of Arkansas.  Further, on information and belief, Aaron Rowe was prosecuted as a juvenile for these actions, and either pled guilty or was adjudicated guilty of these criminal actions.  No coverage exists under the policy for the acts of Aaron Rowe.

30.    The policy contains a separate exclusion for intentional acts which cause property damage, and which are committed by an insured age 13 or older.  Aaron Rowe was age 17 at the time of the vandalism incident.  Coverage is therefore excluded for the intentional vandalism by Aaron Rowe.

31.   The policy contains conditions.  *Inter alia*, an insured is obligated to promptly notify Auto Club Family of any occurrence involving an insured.  Although the vandalism occurred in September, 2020, no notice was given to Auto Club Family until September, 2023.  The delay of three years violated the conditions of the policy.  The violation of policy conditions caused by late notice of these circumstances is a breach of the policy conditions which would void coverage, if any existed.

WHEREFORE, Plaintiff Auto Club Family Insurance Company Inc. prays that the Court will declare that it has no coverage, and no duty to defend, Andrew Rowe, Jessica Rowe and Aaron Rowe in connection with all circumstances described in the litigation between Kezie Odunkwe and  Andrew Rowe, Jessica Rowe and Aaron Rowe , Inc., and described in the pending Benton County, Arkansas litigation between these parties; that it would have no duty to defend any refiling of said suit under any other docket number or in any other forum; for its costs; and for all other relief to which it may be entitled.

_____
BRIAN A. BROWN (#88074)
Laser Law Firm
415 N. McKinley Street, #760
Little Rock, AR 72205
(501) 376-2981
Fax (501) 376-2417
bbrown@laserlaw.com

_____
JAMES LLOYD (#2018024)
Laser Law Firm
415 N. McKinley Street, #760
Little Rock, AR 72205
(501) 376-2981
Fax (501) 376-2417
jlloyd@laserlaw.com
Attorneys for Auto Club Family Insurance Company